IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Civil No.  PWG 13-3790 |
| | * | |
| $12,160.00 in U.S. CURRENCY | * | |
| | * | |

## REPORT AND RECOMMENDATION

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Default Judgment and Order of Forfeiture.  ECF No. 10.  No opposition has been filed, and for the following reasons, I recommend that the motion be granted in the amount requested.

On December 16, 2013, the United States filed a Verified Complaint against the defendant Property.  The complaint alleges that the Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).  ECF No. 1 at 3.  The motion for default judgment repeats these allegations, states that notice of the case was posted pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that no claim to the Property was filed within the required time periods, and that the Clerk entered Default on May 20, 2014.  ECF Nos. 9, 10 at 2.  The motion also states that service of the Verified Complaint was attempted on the two persons whose names were associated with the Property.  ECF No. 10 at 2.

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  Where no claimant has sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that it has a

meritorious claim, the standard for default judgment has been satisfied.  *See Fanning v. Hotel Management Advisors-Troy*, *LLC,* 282 F.R.D. 280, 283 (D. D.C. 2012).

Property is subject to forfeiture by default upon a failure to defend where, as here, the United States alleges that the property meets the standard for forfeiture set out in Section 881. *United States v. $10,409.00 in U. S. Currency*, 585 F. Supp. 2d 10, 12 (D.D.C. 2008).  The United States has pled facts which establish its right to forfeiture of the Property, facts which are verified by counsel for the United States and by the affidavit of Postal Inspector JerVay Rodgers.  ECF No. 1 at 5-8.  Inspector Rodgers affirms that the Property was seized pursuant to execution of a federal search warrant under circumstances indicating that it met the standard set forth in Section 881(a)(6).  *Id.*  In sum, the complaint and affidavit establish that the Property is subject to forfeiture.

Where, as here, the United States has submitted with its motion for default judgment evidence which is sufficient to establish the amount that should be awarded, no hearing is necessary.  Federal Rule of Civil Procedure 55(b)(2).  Accordingly, the court should execute the Default Judgment and Order of Forfeiture attached to the motion.

Date:  October 8, 2014                                                       /S/                              
 JILLYN K. SCHULZE
 United States Magistrate Judge